JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, State of Ohio ("State"), appeals the decision of the trial court granting appellee, Charles Alexander's ("Alexander") motion to suppress evidence seized in the search of a residence. For the following reasons, we reverse the decision of the trial court and remand the case for further proceedings.
 {¶ 2} Sometime prior to November 6, 2003, Detective Cynthia McKissick of the Cuyahoga County Sheriff's Department received information that a black male in his early twenties, who drove a blue Chevrolet Monte Carlo with "mag" wheels, was selling drugs from the premises and a van parked in the driveway at 6926 Morgan Avenue in Cleveland, Ohio. The residence was leased to an individual identified as Clarence Ewing.
 {¶ 3} Detective McKissick has a bachelor of arts degree in criminal justice from Edinboro University and was a detective for three years with the sheriff's narcotics unit. She was familiar with packaging and sale of illegal narcotics and had participated in hundreds of arrests for violations of state drug laws.
 {¶ 4} After receiving this information, the sheriff's department conducted surveillance at the residence and observed numerous persons enter the residence, stay a short time and then depart. In the experience of Detective McKissick, this conduct was consistent with the premises being used to traffic drugs.
 {¶ 5} Detective McKissick then contacted a confidential informant ("CI"), who was given a sum of marked U.S. currency and taken to the Morgan Avenue location to make an "undercover" buy. The CI was equipped with a digital recorder and transmitter. After entering the residence and staying a short time, the CI emerged with a black male matching the description of the individual purportedly involved in the sale of drugs. They went to the van located in the driveway at 6926 Morgan Avenue. The CI then exchanged $20 for one "rock," which later tested positive for cocaine.
 {¶ 6} Detective McKissick then obtained a search warrant for the residence in question and executed a search on November 6, 2003. A search warrant return was filed on November 12, 2003 indicating the suspect male, Alexander, was arrested on the premises. Alexander had $583 in cash and a cell phone on his person. Police also recovered three crack pipes from a front bedroom, a piece of suspected crack cocaine from that same bedroom, a digital scale from another bedroom, and a large rock of cocaine from the Chevrolet van parked in the driveway, along with another digital scale and "crumbs" of suspected cocaine from the same vehicle. Two other males were also present in the residence at the time of the search and were arrested and charged along with Alexander in common pleas court. Alexander filed a motion to suppress the items seized in the search on March 29, 2004, and the trial court held a hearing on September 22, 2004. The trial court granted Alexander's motion, indicating that the affidavit was "facially deficient." The court indicated the warrant only authorized a search of the "premises" at 6926 Morgan and that no vehicles or "out-buildings" on the property were mentioned. Further, the court found that there was no evidence to support a search of the premises at 6926 Morgan Avenue, since no drug transaction had taken place inside the residence. Last, the court also indicated that the warrant and affidavit did not expressly state that the driveway where the van was located was on the property of 6926 Morgan Avenue.
 {¶ 7} The State appeals and raises six assignments of error for our review. Since the assignments are interrelated, we will discuss them together. The assignments of error read as follows:
 {¶ 8} "I. The court erred in concluding that the affidavit for the search warrant does not suggest that the driveway was on the premises of 6926 Morgan."
 {¶ 9} "II. The court erred in concluding that vehicles and out-buildings on the property were not mentioned in the warrant and that the warrant did not authorize [the] search of vehicles found on the premises."
 {¶ 10} "III. The trial court erred in concluding that the law enforcement officers lacked probable cause to search the structure at 6926 Morgan Street."
 {¶ 11} "IV. The trial court erred in concluding that the affidavit and warrant are so facially deficient that the evidence must be suppressed."
 {¶ 12} "V. The court erred in failing to accord deference to the warrant issued by another court of common pleas."
 {¶ 13} "VI. The trial court erred in failing to find that the law enforcement officers acted in good faith reliance on the search warrant."
 {¶ 14} The six assignments of error raised by the State essentially raise two separate and controlling issues: first, whether the affidavit contained sufficient information to establish probable cause to authorize the search; and second, whether the affidavit and warrant were sufficiently clear in defining the areas to be searched. As such, we will discuss the assignments of error together as they are interrelated with these primary issues.
 {¶ 15} The Fourth Amendment to the United States Constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."
 {¶ 16} Section 14, Article I of the Ohio Constitution is nearly identical in its language, and its protections are coextensive with its federal counterpart. State v. Robinette
(1997), 80 Ohio St.3d 234, 238; State v. Kinney,83 Ohio St.3d 85, 1998-Ohio-425.
 {¶ 17} The Supreme Court of Ohio in State v. George (1989),45 Ohio St.3d 325, outlined the standards to be applied for both the issuing magistrate and the reviewing courts with respect to search warrants:
{¶ 18} "1. In determining the sufficiency of probable cause inan affidavit submitted in support of a search warrant, `[t]hetask of the issuing magistrate is simply to make a practical,common-sense decision whether, given all the circumstances setforth in the affidavit before him, including the "veracity" and"basis of knowledge" of persons supplying hearsay information,there is a fair probability that contraband or evidence of acrime will be found in a particular place.' (Illinois v.Gates [1983], 462 U.S. 213, 238-239, followed.)
 {¶ 19} "2. In reviewing the sufficiency of probable cause inan affidavit submitted in support of a search warrant issued by amagistrate, neither a trial court nor an appellate court shouldsubstitute its judgment for that of the magistrate by conductinga de novo determination as to whether the affidavit containssufficient probable cause upon which that court would issue thesearch warrant. Rather, the duty of a reviewing court is simplyto ensure that the magistrate had a substantial basis forconcluding that probable cause existed. In conducting anyafter-the-fact scrutiny of an affidavit submitted in support of asearch warrant, trial and appellate courts should accord greatdeference to the magistrate's determination of probable cause,and doubtful or marginal cases in this area should be resolved infavor of upholding the warrant. (Illinois v. Gates [1983],462 U.S. 213, followed.)"
 {¶ 20} State v. George, 45 Ohio St.3d 325, paragraphs one and two of the syllabus.
 {¶ 21} The Supreme Court of Ohio has previously defined the term probable cause. "[T]he term probable cause, according to its usual acceptation, means less than evidence which would justify condemnation * * *. It imports a seizure made under circumstances which warrant suspicion. * * * [T]he quanta * * * of proof appropriate in ordinary judicial proceedings are inapplicable to the decision to issue a warrant. Finely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence, useful in formal trials, have no place in the magistrate's decision. * * * [I]t is clear that only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause." George,45 Ohio St.3d at 329, quoting Illinois v. Gates (1983), 462 U.S. 213, 235
(internal citations and quotations omitted).
 {¶ 22} Here, the affidavit described the suspect as a black male in his early twenties who drove a distinctive auto with "mag" wheels. The affidavit indicated that the information received by police revealed drugs were sold both from the residence and from a van parked in the driveway. The affidavit further claimed that numerous individuals were observed entering the residence through the front door, staying a short time and then leaving. This was described as being conduct consistent with drug trafficking. The affidavit also revealed that within five hours of observing this conduct, police contacted a confidential informant, who made a controlled purchase of one rock of cocaine for $20 from the described male at the 6926 Morgan location. The transaction was recorded by means of a digital recording and monitoring device fitted to the CI. The CI was seen entering the residence and staying a short time and then leaving to accompany the suspect to a van parked in the driveway. The CI informed the police that the suspect retrieved a rock of cocaine from the van parked in the driveway of the residence, which was given to the CI for $20.
 {¶ 23} In a case with substantially similar facts, we previously upheld a finding of probable cause by the issuing magistrate to search a residence. "Citizen complaints, law enforcement surveillance and a controlled buy set-up at the home would indicate to an issuing magistrate that there was a fair probability that drugs would be found on the premises. It should also be noted that the information contained in the affidavits was not stale; surveillance and the controlled buy took place just prior to the issuance of the search warrant." State v.Richard, Cuyahoga App. No. 78813, 2002-Ohio-9.
 {¶ 24} Relying on the Richard decision and by according due deference to the magistrate's finding of probable cause, we find that there was a sufficient basis to believe that drugs would be found at the home.
 {¶ 25} The affidavit fully described the residence and area to be searched. It contained facts referencing conduct associated with the house, the driveway, and the van. It outlined Detective McKissick's training, education and experience. In light of the facts outlined in the affidavit, there were sufficient facts present to establish probable cause for the search.
 {¶ 26} We now turn our attention to the question of whether the affidavit and warrant were sufficiently clear in describing the areas in question to justify a search of both the residence and the van.
 {¶ 27} The warrant gave a complete description of the external residence, including the type, color, style, address numbers and relative size. It also specifically described where on the street it was located in relation to the cross street in the city of Cleveland. The warrant expressly found probable cause for a search of "* * * the premises above described, its cartilage [sic], common and storage areas, vehicles above described and the persons present therein, * * *."
 {¶ 28} The trial court's determination that the affidavit does not suggest the driveway was on the same property of 6926 Morgan was simply an error. The affidavit clearly identifies the relationship between the van in the driveway and the residence, in paragraph eight where it states: "Affiant observed the CI follow this male to the van parked in the driveway."
 {¶ 29} Here, a plain reading of the warrant and accompanying affidavit demonstrates that the issuing magistrate had a sufficient basis, as required under the George test, to support issuance of the warrant. The trial court should have afforded deference to the magistrate's decision to issue the warrant in light of the facts presented.
 {¶ 30} Thus, we find merit to the issues raised in each of the six assignments of error and reverse the decision of the trial court to suppress the evidence in the case. The matter is remanded for further proceedings in the trial court.
 {¶ 31} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and McMonagle, J., Concur.